IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION - CLEVELAND

DENISE HALL                                    )
                                               )
            Plaintiff,                         )
                                               )        Civil Action No.
v.                                             )
                                               )        **Jury Trial Demanded**
FMS INVESTMENT CORP.                           )
                                               )
            Defendant.                         )
_____ )

## NATURE OF ACTION

1.      This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.      Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendant transacts business in this district.

## PARTIES

4.      Plaintiff, Denise Hall ("Plaintiff"), is a natural person who at all relevant times resided in the State of Ohio, County of Cuyahoga, and City of Bedford.

5.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.     Defendant, FMS Investment Corp. ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8.     Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9.     Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.  Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11.     In connection with the collection of an alleged debt in default, Defendant began placing telephone calls to Plaintiff's place of employment in or about August 2011.

2

12.     In December 2011, Plaintiff informed Defendant that she could not receive calls at her place of employment, and that such calls were in violation of her employer's workplace policies.

13.     As of December 2011, Defendant had Plaintiff's correct cell phone number, and was in regular contact with Plaintiff on such number.

14.     Despite Plaintiff's demand for Defendant to cease and desist from placing any and all calls to her place of employment, and in connection with the collection of an alleged debt in default, Defendant's agent and/or employee "Sherita Owens" placed a call to Plaintiff's place of employment on March 29, 2012 at 12:12 P.M., and at such time, left the following voicemail message:  "This is a message for Denise Smith. My name is Sherita Owens. Please contact me at your earliest convenience at 1-877-291-8405, extension 8591."

15.     In its March 29, 2012 at 12:12 P.M. voicemail message, Defendant failed to notify Plaintiff that the communication was from a debt collector.

16.     In its March 29, 2012 at 12:12 P.M. voicemail message, Defendant failed to disclose its true corporate and/or business name in a communication to Plaintiff.

17.     In failing to disclose that the communication was from a debt collector, and in failing to disclose its true corporate and/or business name in its March 29, 2012 12:12 P.M. voicemail message to Plaintiff, Defendant failed to meaningfully disclose its identity to Plaintiff.

3

18.     Despite Plaintiff's demand for Defendant to cease and desist from placing any and all calls to her place of employment, and in connection with the collection of an alleged debt in default, Defendant's agent and/or employee "Brittney Jones" placed a call to Plaintiff's place of employment on March 29, 2012 at 3:45 P.M., and at such time, left the following voicemail message:  "This is a message for Denise Hall. My name is Brittney Jones. Please contact me at your earliest convenience at 877-291-8405 extension 8649."

19.     In its March 29, 2012 at 3:45 P.M. voicemail message, Defendant failed to notify Plaintiff that the communication was from a debt collector.

20.     In its March 29, 2012 at 3:45 P.M. voicemail message, Defendant failed to disclose its true corporate and/or business name in a telephone call to Plaintiff.

21.     In failing to disclose that the communication was from a debt collector, and in failing to disclose its true corporate and/or business name in its March 29, 2012 3:45 P.M. voicemail message to Plaintiff, Defendant failed to meaningfully disclose its identity to Plaintiff.

22.     Despite Plaintiff's demand for Defendant to cease and desist from placing any and all calls to her place of employment, and in connection with the collection of an alleged debt in default, Defendant's agent and/or employee "Jeanette" placed a call to Plaintiff's place of employment on April 6, 2012 at 10:52 A.M., and at such time, left the following voicemail message: "Hello, this message is for Denise Smith. This is Jeanette

4

calling from Financial Management Systems. Just giving you a follow-up call in regards to your arrangements for the 15th. The number is 877-291-8405 extension 8758. Please make sure you give me a call by the 15th. Thank you."

23.     In its April 6, 2012 at 10:52 A.M. voicemail message, Defendant failed to notify Plaintiff that the communication was from a debt collector.

24.     In failing to disclose in its April 6, 2012 at 10:52 A.M. voicemail message to Plaintiff that the communication was from a debt collector, Defendant failed to meaningfully disclose its identity to Plaintiff.

25.     Despite Plaintiff's demand for Defendant to cease and desist from Placing any and all calls to her place of employment, and in connection with the collection of an alleged debt in default, Defendant's agent and/or employee "Jeanette" placed a call to Plaintiff's place of employment on April 10, 2012 at 1:24 P.M., and at such time, left the following voicemail message:  "Hello, this message is for Denise Hall. This is Jeanette calling from Financial Management Systems. I need you to return my call as soon as possible. The number is 877-291-8405 extension 8758. It is very time sensitive. Thank you."

26.     In its April 10, 2012 at 1:24 P.M. voicemail message, Defendant failed to notify Plaintiff that the communication was from a debt collector.

27.     In failing to disclose in its April 10, 2012 at 1:24 P.M. voicemail message that the communication was from a debt collector, Defendant failed to meaningfully disclose its identity to Plaintiff.

28.     In its April 10, 2012 at 1:24 P.M. voicemail message, Defendant conveyed a false sense of urgency to Plaintiff for the purpose of compelling Plaintiff to communicate with a debt collector.

29.     In addition to the above-mentioned calls, in connection with collection of an alleged debt in default, Defendant placed multiple calls to Plaintiff's place of employment, including, but not limited to, calls on the following dates and times:

- March 28, 2012 twice at 10:43 A.M.
- March 28, 2012 at 11:29 A.M.
- March 28, 2012 at 12:17 P.M.
- March 28, 2012 at 12:26 P.M.
- March 28, 2012 at 12:49 P.M.
- March 28, 2012 at 12:57 P.M.
- March 28, 2012 at 1:14 P.M.
- March 28, 2012 at 1:19 P.M.
- March 28, 2012 at 1:35 P.M.
- March 28, 2012 at 1:49 P.M.
- March 28, 2012 at 2:17 P.M.
- March 28, 2012 at 2:33 P.M.
- March 28, 2012 at 5:12 P.M.
- March 29, 2012 at 9:51 A.M.
- March 29, 2012 at 10:07 A.M.
- March 29, 2012 at 10:08 A.M.
- March 29, 2012 at 10:09 A.M.
- March 29, 2012 at 10:39 A.M.
- March 29, 2012 at 10:40 A.M.
- March 29, 2012 at 11:00 A.M.
- March 29, 2012 at 11:21 A.M.

- March 29, 2012 at 11:36 A.M.
- March 29, 2012 at 11:37 A.M.
- March 29, 2012 at 12:04 P.M.
- March 29, 2012 at 12:07 P.M.
- March 29, 2012 at 12:39 P.M.
- March 29, 2012 at 12:59 P.M.
- March 29, 2012 at 1:17 P.M.
- March 29, 2012 at 1:48 P.M.
- March 29, 2012 at 2:25 P.M.
- March 31, 2012 at 10:55 A.M.

30.    During the telephone calls to Plaintiff's place of employment between March 28, 2012 and March 31, 2012, Defendant spoke to third parties Renee Scott "Ms. Scott" and Rosa Brumfield "Ms. Brumfield." [Exhibits A & B].

31.    During the multiple conversations with third party Ms. Scott, Defendant disclosed to Ms. Scott that Plaintiff owed an alleged debt.

32.    During the multiple conversations with third party Ms. Scott, Defendant stated it "really needed to speak with [Plaintiff] before [Defendant] went to [Plaintiff's] human resources to garnish [Plaintiff's] wages."

33.    During one of the conversations with Defendant, third party Ms. Scott told Defendant that its calls were "excessive" and to stop calling Plaintiff's place of employment.

34.    During the multiple conversations with third party Ms. Brumfield, Defendant disclosed to Ms. Brumfield that Plaintiff owed an alleged debt.

35.    During one of the conversations with Ms. Brumfield, Defendant stated it needed to be immediately connected to Plaintiff because "it was an emergency," and in

doing so, conveyed a false sense of urgency for the purpose of compelling Ms. Brumfield to convince Plaintiff to communicate with Defendant.

36.     During one of the conversations with Ms. Brumfield, Defendant told Ms. Brumfield that "it was a debt collection agency and [Ms. Brumfield] needed to have [Plaintiff] contact them prior to 4:00 P.M. that day or [Defendant] would contact human resources the next day to garnish [Plaintiff's] wages."

37.     Defendant placed so many calls to third party Ms. Brumfield that it interfered with her ability to perform her job function as main operation of Plaintiff's place of employment.

38.     In addition to the above-referenced calls to Plaintiff's place of employment, Defendant also placed multiple calls to Plaintiff's cellular telephone, including, but not limited to, calls on the following dates and times:

- March 23, 2012 at 9:42 A.M.
- March 24, 2012 at 4:08 P.M.
- March 26, 2012 at 9:27 A.M.
- March 28, 2012 at 8:49 A.M.
- March 28, 2012 at 9:46 A.M.
- March 28, 2012 at 11:05 A.M.
- March 28, 2012 at 11:09 A.M.
- March 28, 2012 at 1:18 P.M.
- March 28, 2012 at 1:26 P.M.
- March 28, 2012 at 1:30 P.M.
- March 28, 2012 at 1:46 P.M.
- March 28, 2012 at 1:49 P.M.
- March 28, 2012 at 1:54 P.M.
- March 28, 2012 at 1:55 P.M.
- March 28, 2012 at 1:59 P.M.

- March 28, 2012 at 2:22 P.M.
- March 28, 2012 at 3:48 P.M.
- March 28, 2012 at 3:58 P.M.
- March 28, 2012 at 4:01 P.M.
- March 28, 2012 at 4:42 P.M.
- March 28, 2012 at 6:25 P.M.
- March 28, 2012 at 6:27 P.M.
- March 29, 2012 at 9:17 A.M.
- March 29, 2012 at 9:55 A.M.
- March 29, 2012 at 10:05 A.M.
- March 29, 2012 at 10:34 A.M.
- March 29, 2012 at 11:24 A.M.
- March 29, 2012 at 12:10 P.M.
- March 29, 2012 at 12:14 P.M.
- March 29, 2012 at 12:39 P.M.
- March 29, 2012 at 2:51 P.M.
- March 29, 2012 at 3:39 P.M.
- March 31, 2012 at 10:50 A.M.
- April 2, 2012 at 6:26 P.M.

39.     Defendant's actions constitute conduct highly offensive to a reasonable person.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692b(1)

40.     Plaintiff repeats and re-alleges each and every allegation contained above.

41.     Defendant violated 15 U.S.C. § 1692b(1) by contacting multiple third parties for purposes other than obtaining location information, in connection with an attempt to collect an alleged debt from Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692b(1);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692b(2)

42.    Plaintiff repeats and re-alleges each and every allegation contained above.

43.    Defendant violated 15 U.S.C. § 1692b(2) by disclosing to multiple third parties the existence of the debt allegedly owed by Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692b(2);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692b(3)

44.  Plaintiff repeats and re-alleges each and every allegation contained above.

45.  Defendant violated 15 U.S.C. § 1692b(3) by communicating with a single third party more than once in connection with an attempt to collect an alleged debt from Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692b(3);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692c(a)(1)

11

46.     Plaintiff repeats and re-alleges each and every allegation contained above.

47.     Defendant violated 15 U.S.C. § 1692c(a)(1) by communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(1);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

**COUNT V**
**VIOLATION OF 15 U.S.C. § 1692c(a)(3)**

48.     Plaintiff repeats and re-alleges each and every allegation contained above.

49.     Defendant violated 15 U.S.C. § 1692c(a)(3) by repeatedly contacting Plaintiff at her place of employment after being informed that such calls are inconvenient to Plaintiff and violate the policy of Plaintiff's employer.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(3);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATION OF 15 U.S.C. § 1692c(b)

50.     Plaintiff repeats and re-alleges each and every allegation contained above.

51.     Defendant violated 15 U.S.C. § 1692c(b) by communicating with multiple third parties other than in the manner prescribed by 15 U.S.C. § 1692b et seq., without having received the prior consent of Plaintiff or the express permission of a court of competent jurisdiction, and without it being necessary to effect a post-judgment remedy.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692c(b);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

13

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

**COUNT VII**
**VIOLATION OF 15 U.S.C. § 1692d(5)**

52.     Plaintiff repeats and re-alleges each and every allegation contained above.

53.     Defendant violated 15 U.S.C. § 1692d(5) by causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692d(5);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

**COUNT VIII**
**VIOLATION OF 15 U.S.C. § 1692d(6)**

54.     Plaintiff repeats and re-alleges each and every allegation contained above.

55.     Defendant violated 15 U.S.C. § 1692d(6) by placing telephone calls without meaningfully disclosing the caller's identity.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692d(6);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT IX
## VIOLATION OF 15 U.S.C. § 1692e(10)

56.     Plaintiff repeats and re-alleges each and every allegation contained above.

57.     Defendant violated 15 U.S.C. § 1692e(10) using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, which included but was not limited to: conveying a false sense of urgency in telephone calls to Plaintiff for the purpose of compelling Plaintiff to communicate with a debt collector;

misrepresenting that "it was an emergency" in a telephone call to a third party for the purpose of compelling Plaintiff to communicate with a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT X
## VIOLATION OF 15 U.S.C. § 1692e(11)

58.    Plaintiff repeats and re-alleges each and every allegation contained above.

59.    Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

60.     Plaintiff is entitled to and hereby demands a trial by jury.

This 27th day of June, 2012.

WEISBERG & MEYERS, LLC

/s/ Ronald S. Weiss
Ronald S. Weiss
Ohio Bar No. 0076096
7035 Orchard Lake Road, Suite 600
West Bloomfield, MI 48322
RWeiss@AttorneysForConsumers.com
(888) 595-9111 ext. 230
(866) 565-1327 Fax
*Lead Counsel for Plaintiff*

**Correspondence address**
Weisberg & Meyers, LLC
5025 N. Central Ave., #602
Phoenix, AZ 85012

17